**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Thomas BENTZ, Defendant—**
**Appellant.**

No. 03–10052.

D.C. No. CR–00–00199–GEB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 23, 2003.

Before HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

The government failed to live up to its disclosure obligations to Defendant–Appellant Robert Thomas Bentz ("Bentz") under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when it elected not to produce the prior grand jury testimony of company accountant and wit-

---

ness Leonard Peters ("Peters"). However, its failure does not merit reversal under the "outcome determinative" test of *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Bentz's conviction for embezzlement from an employee benefit plan (and related reporting and disclosure offenses) was based on more than Peters' testimony alone. And while Peters alone testified that he told Bentz the fund transfer was illegal, there was other, substantial evidence of Bentz's knowledge of the transfer's illegality, including his own statements to Dr. Chen, his inconsistent explanations to company comptroller Kevin Atkin, the forgery of documents related to the "loan," and the testimony of the plan administrator about the nature of plan deposits. The availability of this evidence to the jury sets this case apart from *United States v. Steinberg,* 99 F.3d 1486 (9th Cir.1996).

While the jury might have found Peters' testimony less credible if the defense had impeached Peters based on his prior grand jury testimony, the jury could have ignored Peters' testimony entirely and still have had ample evidence to support its verdict. Accordingly, we cannot say that there is a "reasonable probability" that "had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley,* 473 U.S. at 682, 105 S.Ct. 3375.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.